# In the United States Court of Federal Claims

No. 25-351C
Filed: February 28, 2025
NOT FOR PUBLICATION

| |
|---|
| **DON MACALLISTER,** |
|               *Plaintiff,* |
| v. |
| **UNITED STATES,** |
|               *Defendant.* |

## ORDER

The plaintiff, proceeding *pro se*, filed this action on February 27, 2025, and the complaint was docketed the same day. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his complaint is given a more liberal construction than it would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding this liberal construction, a *pro se* plaintiff must still

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*. The plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

demonstrate that his complaint satisfies the jurisdictional limits on the Court of Federal Claims. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to provide jurisdiction in the Court of Federal Claims for a claim founded on an express or implied contract with the United States, for a refund from a prior payment made to the United States, or a claim based on a federal constitutional, statutory, or regulatory provision mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). For a claim based on an alleged violation of law, the plaintiff must identify a money-mandating source of law in addition to asserting jurisdiction under the Tucker Act. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

The plaintiff alleges that the defendant, acting through the Environmental Protection Agency ("EPA"), has imposed an illegal condition that limits what entities can receive federal grants through the Greenhouse Gas Reduction Fund that the complaint alleges was established under the Inflation Reduction Act, Pub. L. 117-169. The complaint alleges that the EPA has imposed a "five-year commercialization rule" on applicants for funding to establish charging station for electric vehicles. (Compl. at 1.) The plaintiff alleges that this five-year commercialization rule is not authorized by the Inflation Reduction Act, the law creating the fund. The plaintiff further alleges that he has invented a charger for electric vehicles that is much faster than those that have been commercialized for five years and is being shut out of the funding due to the five-year commercialization requirements imposed by the EPA but not authorized under the law.

The plaintiff seeks a declaration that the EPA's five-year commercialization rule is illegal, an injunction barring further disbursement of the relevant funds, and an award of damages of $5 billion for "lost business opportunities, reputational harm, and financial damages suffered due to the [EPA's] deliberate exclusion" of the technology invented by the plaintiff from qualifying for the grant program. (Compl. at 2.) The damages requested also would compensate the plaintiff for the delay in listing his company on the NASDAQ stock exchange caused by the EPA's regulation.

The complaint fails to identify a source of law that can reasonably be interpreted as requiring the defendant to pay damages for its violation. The complaint alleges that the EPA

acted without statutory authorization in imposing the five-year commercialization rule. That claim presents the quintessential claim under the Administrative Procedure Act ("APA"); it is not a claim cognizable under the Tucker Act because there is no underlying source of law that mandates the payment of money to the plaintiff.

The plaintiff's claim for damages is also outside the Tucker Act's limits on the jurisdiction of the Court of Federal Claims. Nothing in the relevant provisions of the Inflation Reduction Act can reasonably be read to mandate the payment of damages for a violation of the law. The damages claim is not within this court's Tucker Act jurisdiction. In addition, the harm the plaintiff alleges the EPA's regulatory action has caused him to suffer—lost business opportunities and reputational damages—are tort claims. *Gates v. United States*, 33 Fed. Cl. 9, 12 (1995). The financial damages the plaintiff alleges arise from these tort claims and are not the type of damages available under the Tucker Act, which expressly excludes claims arising in tort from the jurisdiction of the Court of Federal Claims.

The plaintiff seeks to qualify to receive federal grants; he cannot do so due to a regulatory restriction alleged to be illegal. The focus of the complaint on equitable relief (a declaratory judgment and injunction), reflects that this case is best viewed as an APA claim that can only be brought in a federal district court, not this court. Accordingly, the court lacks jurisdiction over the complaint. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003) ("The Court of Federal Claims lacks APA jurisdiction").

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that can exercise jurisdiction. The Inflation Reduction Act does not appear to include any specific jurisdictional or venue limitations in the relevant portions of the law. Accordingly, the plaintiff's APA claims can be brought in any district court. Typically, such a claim would likely be brought in the District of Columbia, but it need not be. The plaintiff resides in California and might prefer to litigate his claim there, closer to his home. Rather than select a court to which this case should be transferred, it is in the plaintiff's best interest to allow him to select the appropriate venue in which to pursue his claim. Transfer initiated by this court is not appropriate.

The dismissal for lack of jurisdiction is without prejudice, meaning the plaintiff is able to refile his complaint in a federal district court of his choosing; this dismissal does not reflect a determination on the merits of the complaint.

The complaint fails to present a claim within the jurisdiction of the Court of Federal Claims and is, accordingly, **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3). The Clerk is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling<br>
**Richard A. Hertling**<br>
**Judge**